UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **RICARDO ADAME** | § | |
| vs. | § | Case No. _____ |
| **REFUGIO COUNTY** | § | |

## COMPLAINT

Plaintiff Ricardo Adame moves the Court for entry of judgment in his favor against Refugio County, Texas, and in support of such Complaint avers as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a civil action under 42 U.S.C. § 1983 seeking damages against defendant (acting by and through Refugio County Sheriff Robert A. Bolcik) for committing acts, under color of state law, with the intent and for the purpose of depriving plaintiff of rights secured under the Constitution and laws of the United States.

2. This case arises under the United States Constitution and 42 U.S.C. § 1983, 42 U.S.C. § 1981, and 42 U.S.C. § 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343.

3. Plaintiff brings this action for damages incurred due to his unlawful termination from the Refugio County Sheriff's Office.

## PARTIES

4. Plaintiff Ricardo Adame is a citizen of the State of Texas. He resides in Woodsboro, Texas. The last four digits of his social security number are 3145.

5. Defendant Refugio County is a corporate body and political subdivision of the State of Texas, and a "person" within the meaning of 42 U.S.C. § 1983. Defendant may be served with process by serving the County Judge, Honorable Robert Blaschke, at 808 Commerce St., Room 104, Refugio, Texas 78377.

## FACTS

6. Plaintiff was fired from his employment as a Sheriff's Deputy with the Refugio County Sheriff's Office on February 4, 2015 by Refugio County Sheriff Robert A. Bolcik.

7. In firing plaintiff, Sheriff Bolcik was defendant's final policymaker pursuant to Tex. Loc. Gov't Code sections 85.003(c) and 151.004. The Texas legislature has vested sheriffs with sole discretion in hiring and firing deputies, and the sheriff's exercise of that discretion is unreviewable by any other official or governmental body. Sheriff Bolcik's termination of plaintiff's employment constitutes official policy for which the county may be held responsible under section 1983. *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998); *Turner v. Upton County*, 915 F.2d 133 (5th Cir. 1990).

8. Plaintiff is Hispanic. His country of national origin is Mexico. He speaks English and Spanish.

9. Plaintiff is a licensed Peace Officer in this state as per the Texas Commission on Law Enforcement. In 2007, the Commission awarded him the certification of "Advanced Peace Officer".

10. Plaintiff was hired as a Refugio County Sheriff's Deputy in 2007 at a yearly salary of $29,767.00. He was promoted to Patrol Sergeant in 2008 with a salary increase from $30,626.00 to $32,563.00. In 2013, plaintiff was earning $42,696.00 with the position of Narcotics Sergeant (school resources). When he was fired, he was earning $44,877.00.

11. Plaintiff was fired by Sheriff Bolcik via memorandum dated February 4, 2015. In the memorandum, the Sheriff stated only that "Effective Wednesday, February 4, 2015 your services with the Refugio County Sheriff's Office are no longer needed". Sheriff Bolcik signed the memorandum.

12. Sheriff Bolcik is prejudiced against Hispanics. Plaintiff's membership in this protected class was a motivating factor in the Sheriff's decision to fire him. For example: after Sheriff Bolcik saw Refugio Police Chief Andy Lopez, Jr., driving a pickup with wheels he did not approve of, he remarked "typical Mexican"; referring to former County Judge Rene Mascorro's candidacy for County Judge, the Sheriff remarked "that's all we need - a fucking Mexican"; and in firing plaintiff he fired the

only deputy who could speak Spanish. The Sheriff's desire to hire a non-hispanic white person to replace plaintiff was also a motivating factor in the Sheriff's decision to fire plaintiff.

13. The Sheriff wanted to hire Amanda Enfinger to replace plaintiff which he did, soon after plaintiff's firing. Shortly before he fired plaintiff, Enfinger let it be known she wanted plaintiff's job. Ms. Enfinger's race is non-Hispanic white, as is Sheriff Bolcik, Chief Deputy Sheldon Wiginton, Lt. Glen Grasham, Sgt. Jamie O'Reilly, Sgt. Shelly Haertig, Sgt. Jeff Raymond, and deputies Stacey Allen, Larry Patton, Ronnie Crisp, Matthew Tuttle, Todd Gordon, and Tammy Gregory. There are currently 17 sheriff's deputies for Refugio County, and 12 are non-Hispanic whites.

**CAUSE OF ACTION UNDER 42 U.S.C. § 1983 AND 42 U.S.C. § 1981**

14. The foregoing allegations are incorporated as if re-alleged herein. Plaintiff is a member of a protected class and qualified to be a deputy sheriff. He was fired and replaced by a non-hispanic white. This constitutes a prima facie case of intentional discrimination. *Bryan v. McKinsey & Company, Inc.*, 375 F.3d 358 (5th Cir. 2004).

15. As a direct and proximate result of the unlawful termination of his employment as a Sheriff's Deputy with the Refugio County Sheriff's Office, plaintiff sustained the following damages: lost salary; lost employee benefits; loss of earning

capacity; loss of retirement benefits; future lost wages and benefits; mental anguish manifested as sleeplessness, stress, depression, and loss of self-esteem; and litigation expenses including attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Ricardo Adame requests judgment against defendant as follows: for appropriate compensatory damages in an amount to be determined at trial; an award of attorney's fees and costs on his behalf expended pursuant to 42 U.S.C § 1988; and for such other and further relief to which plaintiff may show himself justly entitled.

Respectfully submitted,

/s/ David E. Wood
SBN 21887100
S. Dist. of Tex. No. 7154
1317 E. Quebec Ave.
McAllen, TX 78503
956-458-2052
956-581-4457 (fax)
e-mail: wood_candace@yahoo.com
Attorney-in-Charge