United States District Court
Southern District of Texas
**ENTERED**
July 06, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO ADAME, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-00139 |
| | § | |
| REFUGIO COUNTY, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING TRANSFER OF VENUE

Plaintiff, Ricardo Adame, filed this action against Defendant Refugio County, pursuant to 42 U.S.C. § 1983, alleging that his termination from the Refugio County Sheriff's Office was motivated by discrimination based on national origin. Before the Court is Defendant's Motion to Transfer Venue to Victoria Division (D.E. 4). Plaintiff has filed his Response (D.E. 12) and a Supplemental Response and affidavit (D.E. 15, 16). After reviewing the parties' respective arguments, and for the reasons set out below, the Court DENIES the motion.

Defendant seeks a divisional transfer of this action from the Corpus Christi Division to the Victoria Division of the Southern District of Texas as the more convenient forum. Defendant is Refugio County. It employed Plaintiff in Refugio County. The events of this case transpired in Refugio County with, Defendant argues, evidence and witnesses located there. And Plaintiff resides in Woodsboro, Refugio County, Texas. Refugio County is within the geographic jurisdiction of the Victoria

Division.  Defendant also suggests that administrative concerns regarding disparate case loads of the respective courts favors transfer to the Victoria Division.

The issue of transfer of venue is committed to the sound discretion of this Court. 28 U.S.C. § 1404(a); *In re Volkswagen of America, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (en banc) ("[W]e review only for clear abuses of discretion that produce patently erroneous results.").  A court may transfer venue (1) for the convenience of parties and witnesses, in the interests of justice, (2) to any other district or division where the action might have been brought.  28 U.S.C. § 1404(a).  The burden of proof is on the movant to show good cause for the proposed transfer.  *Volkswagen*, 545 F.3d at 314.  According to the Fifth Circuit:

> This "good cause" burden reflects the appropriate deference to which the plaintiff's choice of venue is entitled.  When viewed in the context of § 1404(a), to show good cause means that a moving party, in order to support its claim for a transfer, must satisfy the statutory requirements and clearly demonstrate that a transfer is "[f]or the convenience of parties and witnesses, in the interest of justice."  Thus, when the transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the plaintiff's choice should be respected.  When the movant demonstrates that the transferee venue is clearly more convenient, however, it has shown good cause and the district court should therefore grant the transfer.

*Volkswagen*, 545 F.3d at 315.

This action "might have been brought" in the Victoria Division of the Southern District of Texas because the incident occurred within that Division's geographic area.  Thus the second requirement for transfer of venue is satisfied.  The first prong of the test requires an analysis and weighing of several private and public interest factors that were

first set out as governing *forum non conveniens* determinations and which were later applied to transfer of venue questions. *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947); *Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *Piper Aircraft*, 454 U.S. at 241 n. 6, 102 S.Ct. 252, 70 L.Ed.2d 419).

The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id*. *Volkswagen*, 545 F.3d at 315. Each factor will be discussed below. As the Fifth Circuit observed, these factors "are not necessarily exhaustive or exclusive. Moreover, we have noted that 'none . . . can be said to be of dispositive weight.'" *Id*. (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Corp.*, 358 F.3d 337, 340 (5th Cir. 2004)).

Initially, it should be observed that Refugio County is, by practical standards, at the half-way point between Corpus Christi and Victoria. Both courts' subpoena power would extend to Refugio County. With respect to the other private interest factors, Defendant's representations are conclusory, with no discussion of the location or needs of specific witnesses or other evidence.

In contrast, Plaintiff has named the witnesses he expects to testify and has shown that several are located in Corpus Christi or are closer to Corpus Christi than they are to Victoria.  While ground travel by the remaining witnesses would appear to be equal to either venue, air travel for more distant witnesses would be easier to Corpus Christi because neither Refugio nor Victoria have airports that accommodate regular commercial flights.  D.E. 12, 16.  Thus, the private interest factors weigh in favor of retaining venue in Corpus Christi.

This case does not involve any issue of conflict of laws or foreign law.  This Court and the Victoria Division are equally capable of interpreting the applicable law.  While this Court is burdened by a long-time judicial vacancy, resources of the Southern District of Texas have been allocated in such a way that case administration is currently unaffected.  The local interest in having localized interests decided at home in this employment discrimination case is insufficient to overcome the private interest factors that weigh in favor of the Corpus Christi venue and Plaintiff's choice of venue here.

For these reasons, Defendant Refugio County has failed to show good cause and meet its burden to demonstrate that the Victoria Division is clearly more convenient than the Corpus Christi Division.  The Court DENIES the motion to transfer venue (D.E. 4).

ORDERED this 6th day of July, 2016.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE