UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

RICARDO ADAME, §
　　　　　　　　　　　　　　§
　　　　Plaintiff, §
VS. § CIVIL ACTION NO. 2:16-CV-00139
　　　　　　　　　　　　　　§
REFUGIO COUNTY, §
　　　　　　　　　　　　　　§
　　　　Defendant. §

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Summary Judgment (D.E. 27). On May 5, 2017, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R D.E. 41), recommending that Defendant's motion be granted and that Plaintiff's action be dismissed. Plaintiff timely filed his objections (D.E. 42) on May 18, 2017. Plaintiff presents five numbered objections, each of which are addressed in the order presented.

First, Plaintiff objects to the M&R's analysis of prejudicial statements as "stray remarks." In that regard, he cites two Fifth Circuit cases that support the Magistrate Judge's analysis of the prejudicial remarks, both of which were discussed in the M&R: *Auguster v. Vermilion Parish School Board*, 249 F.3d 400, 404–05 (5th Cir. 2001) and *Russell v. McKinney Hospital Venture*, 235 F.3d 219, 226 (5th Cir. 2000). *Auguster* confirmed the continued viability of the stray remarks doctrine and *Russell* showed that those remarks, combined with other substantial evidence, could overcome a defendant's evidence of a legitimate nondiscriminatory reason for the adverse employment action.

Together, the cases represent the two ends of the spectrum in which prejudicial remarks are evaluated. Such remarks represent some direct evidence to support a prima facie case and shift the burden to the defendant to show a legitimate nondiscriminatory reason for a termination. But whether the remarks are sufficient to sustain a fact question after the defendant submits its own evidence is a matter to be evaluated on a case-by-case basis. Here, Plaintiff's evidence of prejudicial remarks, even if found to be true, are not enough to overcome Defendant's substantial and uncontroverted evidence of excessive absences from work. As applied, the M&R is correct in its analysis of the stray remarks.

Plaintiff takes his argument a step further and invites this Court to abandon the stray remarks doctrine and hold that any remark, regardless of when made, is sufficient to raise a fact question of racial animus notwithstanding evidence of a legitimate nondiscriminatory basis for the action. The Court declines Plaintiff's invitation to usurp its authority in the face of binding precedent of the Fifth Circuit. Plaintiff's first objection is OVERRULED.

Second, Plaintiff objects to the Magistrate Judge's treatment of his statistical evidence. The M&R details the analytical defects in the evidence, including a failure to demonstrate which employees were Hispanic and which were not, the lack of a demonstrated methodology for calculating the number of Hispanics and Non-Hispanics hired from their respective pools of applicants, and the omission of higher-paid Hispanic employees' salaries when complaining that Hispanics on the whole received lower pay. Plaintiff does not offer an explanation that eliminates these infirmities.

Instead, Plaintiff asks the Court to accept the evidence as part of indulging all justifiable inferences in favor of the non-movant, citing *Caboni v. General Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002). However,

> The trial court may not enter a summary judgment which rests on a chain of inferences from subsidiary facts not conclusively established in the record. On a motion for summary judgment neither we nor the trial courts are permitted to weigh the evidence, pass upon credibility, or "speculate as to ultimate findings of fact." *Fortner Enterprises, Inc. v. United States Steel*, 394 U.S. 495, 506, 89 S.Ct. 1252, 1260, 22 L.Ed.2d 495 (1969).

*Pepper & Tanner, Inc. v. Shamrock Broad., Inc.*, 563 F.2d 391, 393 (9th Cir. 1977). "Justifiable inferences" referenced in the Rule 56 standard of review requires solid evidence from which to make those inferences. The Court is not empowered to infer that statistical evidence that is demonstrably infirm would support the non-movant if performed with the scientific or mathematical accuracy that type of evidence requires. Plaintiff's second objection is OVERRULED.

Third, while Plaintiff does not object to the M&R's consideration of Rita Trojcak's affidavit at this time, he asks for the opportunity to take her deposition in the interest of justice and fairness because she was not previously disclosed as a witness in discovery. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), a party must disclose a person with knowledge of facts likely to be discoverable to support that party's claims or defenses. The Court notes that Trojcak's affidavit was offered only in reply to Plaintiff's summary judgment response, which advanced issues that had not been

previously pled. D.E. 33. Thus it is questionable whether Defendant should have anticipated the need for this witness as a subject of disclosure under Rule 26.

Regardless, the disclosure rule does not preclude the use of a witness offered solely for purposes of impeachment. Rule 26(a)(1)(A)(i). Furthermore, as the M&R discusses, noncompliance with discovery may be excused and the witness permitted to testify under circumstances that are substantially justified or harmless. D.E. 41, p. 10 n.5 (citing *Keller v. Coastal Bend Coll.*, 629 F. App'x 596, 598-599 (5th Cir. 2015)). Plaintiff does not challenge this reasoning for considering Trojcak's affidavit on summary judgment.

Moreover, Plaintiff has not informed the Court of any reason that a deposition of Ms. Trojcak is necessary. According to the summary judgment rule:

> (d) When Facts Are Unavailable to the Nonmovant.
>
> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. P. 56. Plaintiff has not supplied an affidavit, declaration, or specified reason for taking discovery. Plaintiff's third objection is OVERRULED.

Fourth and fifth, Plaintiff objects that the M&R does not reflect proper consideration of evidence of pretext and the existence of fact questions to preclude

summary judgment. While Plaintiff assigns discriminatory motives to Defendant's investigation and employment actions, the uncontroverted facts are that Plaintiff frequently did not appear for work when scheduled, did not seek approval of time off in advance, and took excessive amounts of time off. Plaintiff's argument that the true motivation was racial discrimination is based only on stray remarks which are contrasted with ample evidence of Defendant's hiring of Hispanic employees. Plaintiff's fourth and fifth objections are OVERRULED.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, Defendant's motion for summary judgment (D.E. 27) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 9th day of June, 2017.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE