United States District Court
Southern District of Texas
**ENTERED**
December 11, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO ADAME, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-139 |
| | § | |
| REFUGIO COUNTY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION

This is a race discrimination case brought by Ricardo Adame against his former employer Refugio County. On May 5, 2017, the undersigned entered a Memorandum and Recommendation ("M & R") recommending this case be dismissed, which was adopted on June 9, 2017. (D.E. 41 and D.E. 44). A final judgment was entered on June 12, 2017. (D.E. 45). On July 7, 2017, Plaintiff filed a Notice of Appeal. (D.E. 46). The appeal currently remains pending before the United States Court of Appeals for the Fifth Circuit. (*Ricardo Adame v. Refugio Cty.*, Case No. 17-40731 (5th Cir. 2017)). On October 2, 2017, Plaintiff filed the pending Motion for Relief from Judgment. (D.E. 49). Defendant filed a response on October 19, 2017. (D.E. 50). For the reasons stated below, the undersigned respectfully recommends the Motion for Relief from Judgment be **DENIED**.

I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, a Hispanic male, worked as a sheriff's deputy for the Refugio County Sheriff's office from 2007 through February 4, 2015. (D.E. 1, Page 3). During this time, Plaintiff worked under Refugio County Sheriff Robert Bolcik from January 1, 2009 until February 4, 2015, when his employment was terminated. (D.E. 1, Page 3 and D.E. 32, Exhibit 5). Plaintiff filed the pending action on May 3, 2016, under 42 U.S.C. §§ 1983 and 1981, alleging the motivating factor in his termination was his race. (D.E. 1). This Court found that while Plaintiff assigned discriminatory motives to Defendant's investigation and employment actions, the uncontroverted facts were that, during the three months prior to his termination, Plaintiff frequently did not appear for work when scheduled, did not seek approval for time off in advance, and took excessive amounts of time off and, as a result, he was fired. (D.E. 41, Pages 12-15 and D.E. 44, Page 5). This Court further found that Plaintiff failed to rebut these legitimate, nondiscriminatory reasons for his termination by showing they were pretext or that a motivating factor was his race, even after considering the alleged statements of Sheriff Bolcik containing discriminatory animus which were the only competent summary judgment evidence offered by Plaintiff. (D.E. 41, Page 21 and D.E. 44, Pages 1-2).[1]

---

[1] Plaintiff alleged Sheriff Bolcik referred to Refugio Police Chief Andy Lopez, Jr., driving a pickup truck with wheels he did not approve of, as a "typical Mexican," and, referring to former County Judge Rene Mascorro's candidacy for County Judge, as "that's all we need – a fucking Mexican." (D.E. 30-1, Page 3). The Court found these statements, if true, to be highly offensive and inappropriate but, in this case, they were "stray remarks" because they were too remote in time and not related to the employment decision at issue. (D.E. 41, Pages 7-8). As a result, the Court found these stray remarks were not direct evidence of discrimination and, standing alone, were insufficient as circumstantial evidence to create a genuine issue of material fact to rebut Defendant's stated reason for Plaintiff's termination. (D.E. 41, Page 21 and D.E. 44, Pages 1-2).

After the entry of judgment on June 12, 2017 and the filing of the pending appeal on July 7, 2017, Plaintiff filed the pending motion on October 2, 2017, seeking relief from judgment pursuant to Federal Rule of Civil Procedure 60(b)(1)(2)(3) and (6) because of a newly acquired affidavit from Timothy Lee Dickey. (D.E. 49 and D.E. 49-1). Plaintiff was terminated from his employment on February 4, 2015. (D.E. 32-5). Mr. Dickey's affidavit states that sometime in the Fall of 2015 he was driving and pulled up next to Sheriff Bolcik, who was also in a vehicle, and when he asked Sheriff Bolcik "about the nature of [Plaintiff's duties] as deputy sheriff, Sheriff Bolcik responded that Plaintiff was a 'worthless fuckin Mexican' and he had fired him." (D.E. 49-1, Page 1). Mr. Dickey further avers that over a year and a half after this conversation with Sheriff Bolcik, on or about June 20, 2017, he told Plaintiff, who he has known for over ten years, about this conversation with Sheriff Bolcik while the two were discussing this case as Mr. Dickey repaired Plaintiff's air conditioner. (D.E. 49-1, Page 1). Mr. Dickey also maintains he met with Plaintiff's attorney, David Wood, about two months later, on August 18, 2017, to discuss his own legal matter and he told Mr. Wood about his conversation with Sheriff Bolcik. (D.E. 49-1, Page 2).[2] On October 2, 2017, Plaintiff filed the pending Motion for Relief from Judgment. (D.E. 49).

---

[2]Plaintiff has also filed his own affidavit which states that he remembers having the conversation with Mr. Dickey on June 20, 2017, and he did not tell his attorney about the conversation until Mr. Wood asked him about it because he "didn't know Mr. Dickey's affidavit could be used in my case because I thought it was already on appeal." (D.E. 49-2).

## II.     MOTION FOR RELIEF FROM JUDGMENT STANDARD

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a court's final judgment or order: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)–(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is only granted when it is not covered by the five enumerated grounds and when "extraordinary circumstances are present." *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995) (citation omitted).

"The district court enjoys considerable discretion when determining whether the movant has satisfied any of these Rule 60(b) standards." *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 (5th Cir. 1991). "The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005). However, "[t]he desire for a judicial process that is predictable mandates caution in reopening judgments." *Bailey v. Ryan Stevedoring Co., Inc.*, 894 F.2d 157, 160 (5th Cir. 1990).

## III. DISCUSSION

Plaintiff moves to set aside the dismissal order under Rule 60(b)(1), (2), (3) and (6) as well as Federal Rule of Civil Procedure 62.1.[3] (D.E. 49, Page 1). However, the most relevant provision is Rule 60(b)(2), which allows a court to grant relief from a judgment on the basis of newly discovered evidence.

### A.     Rule 60(b)(2)

According to the Fifth Circuit, a motion under Rule 60(b)(2) "is an extraordinary motion, and the requirements of the rule must be strictly met." *Longden v. Sunderman,* 979 F.2d 1095, 1102 (5th Cir. 1992) (citation omitted). In general, "a motion for reconsideration is 'not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.' " *Fisher v. Halliburton,* No. Civ. A-H-05-1731, 2005 WL 2001351, at *1 (S.D. Tex. 2005) (quoting *Templet v. HydroChem, Inc.,* 367 F.3d 473, 479 (5th Cir. 2004)). To succeed on a motion under Rule 60(b)(2), Plaintiff must show (1) he exercised due diligence in

---

[3]The filing of a timely notice of appeal typically divests the district court of power to grant relief under Rule 60. As the Fifth Circuit has explained, "[t]he filing of a timely and sufficient notice of appeal transfers jurisdiction over matters involved in the appeal from the district court to the court of appeals." *Willie v. Cont'l Oil Co.*, 746 F.2d 1041, 1046 (5th Cir. 1984). While the pendency of an appeal will not divest a district court the power to consider on the merits and deny a 60(b) motion (because such action is "in furtherance of the appeal"), if the district court is inclined to grant the 60(b) motion, it must first seek leave of the court of appeals. *Id.*; *see also Eastman v. Bridgestone Americas, Inc.*, No. 5:15-cv-14, 2016 WL 7741729, at *2 (E.D. Tex. Sept. 6, 2016) ("Although the filing of a notice of appeal transfers jurisdiction to the Fifth Circuit, the district court must still consider Rule 60(b) motions on the merits.") (citation omitted).

Rule 62.1 states, "If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."

obtaining the information and (2) the evidence is material and controlling and clearly would have produced a different result if present before the original judgment. *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003) (citation omitted); *see also Johnson Waste Materials v. Marshall*, 611 F.2d 593, 597 (5th Cir. 1980) (citations omitted). Plaintiff has not carried this burden.

Plaintiff seeks relief from judgment under Rule 60(b)(2) asserting Mr. Dickey's affidavit "is direct evidence of racial discrimination, and conclusively shows there is a genuine issue as to whether race was a motivating factor in the Sheriff's decision to fire plaintiff." (D.E. 49, Pages 1-2). Therefore, Plaintiff asserts this evidence is material and controlling. (D.E. 49, Page 2). However, Plaintiff was first made aware of this newly discovered evidence on June 20, 2017, shortly after the June 12, 2017 final judgment was entered and well before he filed the pending motion on October 2, 2017. (D.E. 49-1 and D.E. 49-2). The undersigned recommends this three and a half month delay in filing the pending Motion is unreasonable. *See Limon v. Double Eagle Marine LLC*, 771 F. Supp. 2d 672, 680 (S.D. Tex. 2011) (citations omitted) (Plaintiffs learned of potential grounds for relief in July and it was unreasonable to wait until November to file Rule 60(b) motion).[4]

---

[4] Under Rule 60(c), a motion for relief from judgment due to newly discovered evidence "must be made within a reasonable time –and…no more than a year after the entry of a judgment…" Fed. R. Civ. P. Rule 60(c). The one year period represents an extreme limit and a Rule 60(b) motion may be untimely even if filed within one year from the date of judgment, depending upon the facts of each case, taking into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and prejudice to other parties. *See Limon*, 771 F. Supp. 2d at 677.

Additionally, Plaintiff's counsel became aware of the conversation at issue on August 18, 2017 (D.E. 49-1, Page 2) but waited approximately a month and a half before filing the instant motion. The delay of presenting such an important issue to the Court weighs against the Plaintiff on the issue of diligence. Further, the conversation at issue is reported to have occurred in the Fall of 2015. (D.E. 49-1, Page 1). This witness and his proposed testimony have been available to both parties for years. The affidavits submitted in connection with this motion indicate Plaintiff and declarant Timothy Dickey are on familiar terms such that they discussed personal employment matters related to Plaintiff being fired. Mr. Dickey did not report having any affiliation with the Defendant or reason to conceal the alleged conversation. Defendant's explanation that the conversation never occurred is a reasonable explanation why the conversation was not disclosed by Defendant to Plaintiff. In short, Plaintiff's counsel had approximately two years before the case was dismissed to investigate and discover the evidence. The undersigned respectfully recommends Plaintiff's motion be denied because Plaintiff and his attorney have failed to show the exercise of due diligence in obtaining the information.

Further, even if this Motion is considered timely filed, Plaintiff has failed to demonstrate that had this new evidence been available at the time the summary judgment was granted, the Court would have ruled differently. *Johnson*, 611 F.2d at 597. As previously held, Plaintiff has provided no other direct or circumstantial evidence of race discrimination other than two additional alleged stray remarks by Sheriff Bolcik. Therefore, the undersigned recommends the addition of a third alleged offensive stray

remark from seven months after Plaintiff's termination is insufficient to create a genuine issue of material fact as to whether Defendant's proffered reason for terminating Plaintiff, i.e. excessive absences from work, was pretext for race discrimination. Therefore, the undersigned recommends Rule 60(b)(2) relief is not appropriate in this case.

### B. Rule 60(b)(1), (3) and (6)

Plaintiff further argues he is entitled to relief under subsections (1), (3) and (6) of Rule 60(b). Relief from a final order may be granted under Rule 60(b)(1) based on the movant's mistake, inadvertence, surprise, or excusable neglect. Plaintiff alleges the failure to inform the Court of this newly discovered evidence was an "excusable mistake." (D.E. 49, Page 2). Rule 60(b)(3) allows for relief from a final order in the event of "fraud ..., misrepresentation, or other misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). Plaintiff claims that Defendant engaged in fraud, misrepresentation, and misconduct, which led to a delay in Plaintiff's learning about the newly discovered evidence. Subsection (b)(6) allows for relief for "any other reason that justifies relief." While Plaintiff does not expressly state how he is entitled to relief under this subsection, he appears to treat it as a catch-all provision entitling him to relief. In short, Plaintiff's arguments under these other subsections are variations of his argument that relief should be granted due to the newly discovered evidence, namely Mr. Dickey's affidavit and Plaintiff's own affidavit about his conversation with Mr. Dickey.

However, as previously stated, the undersigned recommends that, pursuant to Rule 60(c), Plaintiff's arguments are untimely. *See Limon*, 771 F. Supp. 2d at 679. Further, even if timely, Plaintiff's motion fails on its merits. The Fifth Circuit has made it clear

8 / 11

that Rule 60(b)(1) is "extraordinary relief" that requires "the movant make a sufficient showing of unusual or unique circumstances justifying such relief." *Williamson v. City of Morgan City*, 428 F. App'x. 356, 57-58 (5th Cir. 2011) (quoting *Pryor v. United States Postal Serv.*, 769 F.2d 281, 286 (5th Cir. 1985)). "Gross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." *Edward H. Bohlin Co. v. Banning Co., Inc.*, 6 F.3d 350, 357 (5th Cir. 1993) (Court would abuse its discretion if it were to reopen a case under Rule 60(b)(1) when the reason asserted as justifying relief is one attributable solely to counsel's carelessness with or misapprehension of the law or the applicable rules of court). Further, Plaintiff offers no evidence, aside from his own conclusory allegations, to support his contention that Defendant engaged in fraud, misrepresentation, and misconduct, which led to a delay in Plaintiff's learning about the newly discovered evidence. *Parker v. Wal-Mart Stores, Inc.*, 464 F. App'x. 224, 228 (5th Cir. 2010) (In order to succeed under Rule 60(b)(3), the movant must prove, by clear and convincing evidence, fraud or misconduct that prevented the moving party from fully presenting his case). In fact, Defendant asserts the conversation between Sheriff Bolcik and Mr. Dickey did not take place and therefore, "there was no requirement of Defendant to disclose Mr. Dickey as a person with discoverable information relevant to disputed facts." (D.E. 50, Page 2, Footnote 1). Lastly, Rule 60(b)(6) "is a catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (citing *Batts*, 66 F.3d at 747). Although Plaintiff fails to specifically state how he is entitled to relief under this subsection, it appears his arguments are

9 / 11

identical to those supporting relief under Rule 60(b)(1), (2) and (3), namely the discovery of Mr. Dickey's evidence. Therefore, any argument cannot support relief under this catch-all provision. *Id.*; *see also Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 (1988) (Because plaintiff's arguments are premised on other grounds for relief enumerated in Rule 60(b), he may not rely on this catch-all provision). Accordingly, the undersigned recommends there is no basis to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(1), (3) or (6).

## IV.  RECOMMENDATION

For the reasons stated above, the undersigned respectfully recommends Plaintiff has not shown he is entitled to relief under Rule 60(b)(1), (2), (3) or (6) and, accordingly, that the Motion for Relief from Judgment be **DENIED**.

Respectfully this 11th day of December, 2017.

                                                                         _____
                                                                         Jason B. Libby
                                                                         United States Magistrate Judge

# NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).