UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| RICARDO ADAME, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-139 |
| | § | |
| REFUGIO COUNTY, | § | |
| | § | |
| Defendant. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Plaintiff Ricardo Adame's Motion for Relief from Final Judgment and Order (D.E. 49), seeking relief under Fed. R. Civ. P. 60(b). Plaintiff claims that his former supervisor, Refugio County Sheriff Robert Bolcik, made a statement to a former co-worker, Timothy Lee Dickey, which substantiates his racial discrimination claim.[1] Plaintiff did not discover this statement, which was allegedly made prior to his filing this action, until after this Court issued judgment in this case. On December 11, 2017, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R) recommending that the Court deny Plaintiff's motion. D.E. 51. Plaintiff timely objected. D.E. 52.

Plaintiff was informed in a Notice to Parties following the substance of the M&R that it was subject to adoption by this Court absent objections to the recommendations. D.E. 51, p. 11. Rule 72(b) requires that objections be specific. *See SciCo Tec GmbH v. Boston Scientific Corp.*, 599 F. Supp. 2d 741, 743 (E.D. Tex. 2009) (nonspecific,

---

[1] Specifically, Dickey avers that Sheriff Bolcik told him that Plaintiff "was a 'worthless fuckin Mexican' and he had fired him." D.E. 49-1, p. 1. Defendant denies that Sheriff Bolcik made the statement. D.E. 53, p. 2.

conclusory objections "are no better than a complete failure to object"). It would defeat the judicial efficiency purposes of Magistrate Judge review to require a de novo reconsideration of the entirety of an M&R without specific complaints.

Plaintiff's objections largely take the form of general discussions of the law (regarding the standards of review both on summary judgment and under Rule 60) and the facts (regarding both the merits and the discovery of the statement made to Dickey). He further requests to incorporate by reference material set out in prior filings. However, such briefing does not advise the Court of any particular error in the Magistrate Judge's analysis.

Plaintiff's general briefing fails to satisfy the specific-objection requirement of Rule 72(b). Even though the briefing may contain hints of objections, it is not for the Court to sift through and formulate those objections for Plaintiff. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Except as addressed below, the Court will therefore disregard any briefing not directed to a specific objection.

The Court's review of Plaintiff's filing reveals only two explicitly stated objections:

>    1. General Objection: The M&R's "Factual and Procedural Background" describes the case under the wrong standard, failing to draw inferences in favor of Plaintiff and giving insufficient weight to evidence of pretext; and
>
>    2. Rule 60(c) Objection: The M&R errs in treating August 18, 2017, as the date on which Plaintiff's counsel became aware of the newly discovered evidence because counsel could not act on the evidence until Dickey agreed to sign his affidavit making the matter admissible.

Plaintiff's intent to lodge a third objection clearly emerges from his filing, so the Court will also review the M&R's recommendation to deny relief on the grounds that Plaintiff did not meet the diligence requirement from Rule 60(b)(2). The Court deems waived any objections to the M&R's recommendation to deny relief under the remaining subsections of Rule 60(b).

### A. Objection to Factual and Procedural Background

Plaintiff objects to the M&R's "Factual and Procedural Background" discussion "because it fails to properly consider plaintiff's evidence" and "fails to draw the inferences from the evidence in his favor." *See* D.E. 52, p. 1. He also devotes much of his filing to recounting facts that were already in the record. *Id.* at 1–2, 7–8. Plaintiff's objection is misplaced, as he is not entitled to inferences in his favor under Rule 60(b), the authority under which he now must proceed.

The burden of proof to satisfy the requirements of Rule 60(b) lies on Plaintiff as movant, and the matter is entrusted to the Court's discretion. *United States v. Harrison Cty., Miss.*, 463 F.2d 1328, 1330 (5th Cir. 1972) (burden of proof on Rule 60(b) movant); *Delgado v. Shell Oil Co.*, 231 F.3d 165, 182 (5th Cir. 2000) (Rule 60(b) standard of review is abuse of discretion). Nothing in the standard of review suggests that, on a Rule 60 motion, Plaintiff is entitled to any inferences in his favor.[2]

---

[2] Plaintiff complains that the Magistrate Judge improperly credited the County's denial of Dickey's allegation, instead of recognizing the disputed truth of the affidavit as a fact issue precluding summary judgment. *See* D.E. 52, pp. 9–10. Because this motion is under Rule 60, not Rule 56, this argument fails. The Court need not, and does not, reach any conclusion regarding the veracity of the statement or whether it is appropriately disputed.

Additionally, the factual recitation to which Plaintiff objects merely summarizes the procedural posture of the litigation and the Court's prior holdings. It does not relate to his claim of newly discovered evidence or the issue of due diligence and timeliness in having failed to discover the evidence and present his motion sooner. The Court finds no error with the M&R's discussion of the facts, nor is a Rule 60(b) motion "the proper vehicle for rehashing old arguments." *Frazier v. Map Oil Tools, Inc.*, 725 F. Supp. 2d 597, 609 (S.D. Tex. 2010) (quoting *Resolution Trust Corp. v. Holmes*, 846 F. Supp. 1310, 1316 (S.D. Tex. 1994)) (internal quotation marks omitted). This objection is **OVERRULED**.

### B. Objection Under Rule 60(c)(1)

The second of Plaintiff's explicit objections relates to the M&R's recommendation to deny his motion because it was not brought within a reasonable time. *See* D.E. 51, p. 6. Setting aside, for now, whether Plaintiff exercised sufficient diligence to learn of the evidence upon which he now relies, the question is whether his motion was filed within a reasonable time of his actually discovering the evidence. *See* Fed. R. Civ. P. 60(c)(1) (motions under Rules 60(b)(1), (2), and (3) "must be made within a reasonable time," not to exceed one year after the judgment or order the motion seeks to vacate).

Specifically, Plaintiff "objects to the memorandum's notation about Plaintiff's counsel becoming aware of the conversation between Dickey and Bolcik on August 18, 2017." D.E. 52, p. 9. He does not claim this is inaccurate, or that the Magistrate Judge erred in concluding that nearly four months elapsed from when Plaintiff discovered the new evidence to when he filed his motion. Instead, he contends that Dickey did not agree

to sign his affidavit until October 1 and thus Plaintiff's motion, filed the next day, was made within a reasonable time. *Id*. The Court finds no error with the M&R's finding that Plaintiff's counsel learned of the evidence on August 18, 2017.

Plaintiff makes an additional argument regarding timeliness. Citing Rule 60(b)(1), which allows the Court to vacate a judgment or order based on "mistake, inadvertence, surprise, or excusable neglect," Plaintiff asks the Court to excuse the two-month period during which Plaintiff knew of Dickey's evidence, but his counsel was not yet aware of it. D.E. 52, p. 6. Plaintiff contends that his error in not promptly informing his attorney of the new evidence is excusable because Plaintiff, as a non-lawyer, mistakenly thought it was too late to submit any new evidence. *Id.* at 8–9. The Court therefore construes Plaintiff's reference to Rule 60(b)(1) as an argument that the Court should find that his motion was made within a reasonable time.

Even if the date Plaintiff learned of the evidence is disregarded, the M&R appropriately observed that the evidence was available and could have been discovered years earlier through due diligence. The Court further agrees with the M&R that Plaintiff has failed to show the required "good reason for the failure to take appropriate action sooner." 11 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 2866 (3d ed.). Plaintiff has not explained what measures, if any, were taken to try to secure the testimony sooner, whether the testimony could have been compelled, or whether counsel could have filed the motion and sought additional time or the Court's assistance in securing the necessary evidence. His objections under Rule 60(c)(1) are **OVERRULED**.

### C. Objection Under Rule 60(b)(2)

Finally, Plaintiff's filing invokes Rule 60(b)(2), which relates to "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)." Plaintiff also addresses some of the requirements for relief under that Rule. The Court will therefore review the M&R's recommendation to deny relief under this provision.

To succeed under Rule 60(b)(2), Plaintiff must show "(1) that [he] exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment." *Goldstein v. MCI WorldCom*, 340 F.3d 238, 257 (5th Cir. 2003).

**Due Diligence.** Plaintiff claims that he "had no way to obtain Mr. Dickey's information before he volunteered it." D.E. 52, p. 6. This assertion assumes that Plaintiff had no obligation to investigate his case by such measures as asking co-workers if they had any information relevant to his employment discrimination claim. *See generally* Fed. R. Civ. P. 11(b). Plaintiff has failed to meet his burden of proof to show that, despite the exercise of reasonable diligence, he would not have discovered Dickey's evidence in time to include it in a response to the summary judgment motion or to move for a new trial under Rule 59(b). Plaintiff thus fails to meet the diligence test.[3]

---

[3] Because Plaintiff cannot clear the diligence threshold, the Court need not consider whether Dickey's affidavit constitutes direct evidence of discrimination or whether the Court would have ruled differently on summary judgment had Dickey's affidavit then been part of the record. *See* D.E. 52, p. 6.

**Defendant's Silence.** Plaintiff claims that Defendant Refugio County (the County) is responsible for his tardiness in discovering Dickey's evidence, as it should have named Dickey either (1) when answering the complaint's allegation that Sheriff Bolcik is prejudiced against Hispanics; or (2) as a possible witness with discoverable information. *See* D.E. 52, pp. 6–7. This argument also fails.

Even if the Court assumes that Sheriff Bolcik made the alleged comment and that the County knew about it,[4] Plaintiff's complaint never mentioned Dickey or referenced the comment, so there was no pertinent allegation for the County to admit or deny. Nor would Rule 26(a)(1) have required the County to disclose Dickey, unless the County expected to use him to support its case. *See* Fed. R. Civ. P. 26(a)(1) (party required to provide names of individuals having discoverable information that supports the party's claims or defenses); *see also* 8A WRIGHT & MILLER, § 2053 (Under Rule 26(a)(1), "a party is not required to disclose material that will solely aid its opponent . . . .").[5] This objection is **OVERRULED**.

---

[4] Plaintiff complains that the M&R assumes, in Defendant's favor, that Sheriff Bolcik did not, in fact, make the statement. No such assumption was made. The M&R merely observed that there are a number of reasons that the statement might not have been disclosed. It is Plaintiff's burden to show any wrongdoing on Defendant's part and he has failed to submit evidence in satisfaction of that burden.

[5] Although initial disclosures are not to be filed with the Court under Rule 5(d), the County filed such disclosures. (D.E. 23). The Court notes that the County's disclosures appear to rely on an outdated version of Rule 26(a)(1). Specifically, the County's filing refers to "disputed facts alleged with particularity," a phrase that has not appeared in Rule 26(a)(1) since the 2000 amendments to the Federal Rules of Civil Procedure. *See* 8A WRIGHT & MILLER, § 2053. The Court will not consider the adequacy of the County's disclosures under any standard but the controlling one.

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** as its own the findings of fact and conclusions of law from the M&R, and **DENIES** Plaintiff's motion.

ORDERED this 24th day of April, 2018.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE